# WR-61,939-01,02

WR-61,939-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/25/2015 2:35:06 PM
Accepted 3/25/2015 2:43:50 PM
ABEL ACOSTA
CLERK

**Nos. WR-61,939-01**

RECEIVED
COURT OF CRIMINAL APPEALS
3/25/2015
ABEL ACOSTA, CLERK

**IN THE
TEXAS COURT OF CRIMINAL APPEALS**

*In re* **David Dow,**
*Respondent*

**MOTION FOR LEAVE TO FILE AND
EMERGENCY MOTION TO STAY ENFORCEMENT**

Nicole DeBorde
TBN: 00787344
712 Main St., Ste 2400
Houston, Texas 77002
Office: 713-526-6300
Fax: 713-228-0034
Email: Nicole@debordelawfirm.com

Casie L. Gotro
TBN: 24048505
440 Louisiana, Suite 800
Houston, Texas 77002
Office: 832-368-9281
Fax: 832-201-8273
Email: casie.gotro@gmail.com

*Attorneys for Respondent
David Dow*

1

## IDENTITY OF PARTIES AND COUNSEL

Respondent certifies the following is a complete list of the parties and their attorneys in accordance with Texas Rule of Appellate Procedure 53.2(a).

1.  RESPONDENT

    David R. Dow
    University of Houston Law Center
    Texas Bar No. 06064900
    100 Law Center
    Houston, Texas 77204-6060
    Tel. (713) 743-2171
    Fax (713) 743-2131

    Counsel for David Dow:

    Nicole DeBorde
    TBN: 00787344
    712 Main St., Ste 2400
    Houston, Texas 77002
    Office: 713-526-6300
    Fax: 713-228-0034
    Email: Nicole@debordelawfirm.com

    Casie L. Gotro
    Texas Bar No. 24048505
    440 Louisiana, Suite 800
    Houston, Texas  77002
    Office: 832-368-9281
    Fax: 832-201-8273
    Email: Casie.gotro@gmail.com

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Respondent David Dow ("Dow") files this Motion for Leave to File Emergency Motion to Stay Enforcement pursuant to Rule 72.1 of the Texas Rules of Appellate Procedure and in support would show this Honorable Court the following:

**Emergency Conditions**

Dow is appointed to represent Robert Pruett, a death sentenced inmate, in the United States District Court – Southern District of Texas. Exhibit A, *Affidavit of David R. Dow*. Pruett is scheduled for execution on April 28, 2015. *Id*. While there are various pleadings pending for Pruett in federal court, Dow is obligated by federal statute to:

> "…represent the defendant throughout *every subsequent stage of available judicial proceedings*, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, *and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant."*

18 U.S. CODE §3599(e)(emphasis added).

Under federal law, therefore, Dow is obligated to return to this Court to seek relief for Pruett should further litigation in this Court become necessary. This

3

Court's order requiring Dow to first obtain leave from this Court before pursuing relief imposes an additional burden on Dow and an unacceptable risk to Pruett. Pruett's right to pursue relief is now predicated on this Court's discretionary act. Substitute counsel for Pruett at this late hour, if even possible, would result in irreparable harm to Pruett and/or an unnecessary delay in justice.

## Brief Statement of Emergency Relief Requested

Dow respectfully requests this Court stay enforcement of its order suspending Dow from practicing before the Court, without leave, for one year. Dow asserts his suspension is unlawful and wholly disproportionate to the perceived infraction. Unlawful or not, Dow has a right to due process and due course of law as guaranteed under the United States Constitution and the Texas Constitution. Dow is without clear statutory guidance as to which court may provide adequate relief, but justice and fairness demand he be afforded the opportunity to seek relief.[1]

While undersigned counsel navigates this jurisdictional quagmire, Pruett's April 28th execution date creeps closer and closer. Without immediate relief from this Court's unlawful order, Dow and Pruett suffer needless, irreparable harm.

---

[1] The Texas Supreme Court that has exclusive authority to regulate the practice of law and counsel asserts that court has the power to issue writs of mandamus to even this Court as "necessary to enforce its jurisdiction." TEX. CONST. art. II, § 1; TEX. CONST. art. V, § 3(a); TEX. CONST. GOV'T CODE § 81.011(c); see *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398-99 (Tex. 1979).

Dow respectfully requests this Court stay enforcement of its suspension order. Because lives literally hang in the balance, Dow respectfully requests this Court *act on this emergency motion within 24 hours*.

## Factual and Procedural Background

On January 14, 2015, in a *per curiam* order, this Court issued an order of contempt suspending Dow from practicing before the Court, without leave, for one year. Dow filed a Motion for Rehearing on January 29, 2015. On February 6, 2015, the Southern District of Texas issued an order under its reciprocal disciplinary rules suspending Dow from practicing before that court and terminating his filing privileges. Exhibit B, *Notice from Clerk of the Southern District*. On February 25, 2015, this Court denied Dow's Motion for Rehearing. On March 18, 2015, Dow filed a Petition for Declaratory Judgment or, in the Alternative, Writ of Mandamus in the Texas Supreme Court. On March 19, 2015, having considered Dow's petition for reconsideration, the Southern District lifted the reciprocal discipline and reactivated Dow's filing privileges. Exhibit C, *Attorney Admissions Email, March 19, 2015*.

## Federal Rules of Reciprocal Discipline

Dow is admitted to practice in the three remaining United States District Courts in Texas ("Western District" "Eastern District" & "Northern District"), the United States Court of Appeals for the 5th Circuit ("5th Circuit") and the Supreme

Court of the United States ("U.S. Supreme Court"). Exhibit A. Each of the aforementioned courts have reciprocal discipline rules that impose an affirmative duty on admitted attorneys to promptly notify the court of any suspension or disciplinary action affecting the attorney's license to practice. [2] Undersigned counsel believes the reciprocal discipline rules anticipate a suspension imposed by the State Bar of Texas, or the Texas Supreme Court, not a unilateral act of a single court. Nevertheless, and in an abundance of caution, Dow notified each the aforementioned federal courts of this Court's order of suspension. The Eastern District has not yet made a decision. Both the Northern and Western Districts have elected to hold the matter in abeyance while the matter is resolved in the state courts. Dow has not yet received a response from either the 5th Circuit or the U.S. Supreme Court.

---

[2] *See* N.D. TEX. R. 83.8(d) ("Any member of the bar of this court who has … been disciplined, publicly or privately, by any court … shall promptly report such fact in writing to the clerk, supplying full details and copies of all pertinent documents reflecting, or explaining, such action."); E.D. TEX. R. AT-2(b)(1) ("A member of the bar of this court shall automatically lose his or her membership if he or she loses, either temporarily or permanently, the right to practice law before any state or federal court for any reason other than nonpayment of dues, failure to meet continuing legal education requirements, or voluntary resignation unrelated to a disciplinary proceeding or problem."); W.D. TEX. R.. AT-7(e)(2) ("A member of the bar of this court must promptly report in writing to the clerk, with full details and copies of pertinent documents, if … the attorney loses or relinquishes, temporarily or permanently, the right to practice in any court of record….); FED. R. APP. P. 46(b)("A member of the court's bar is subject to suspension or disbarment by the court if the member…has been suspended or disbarred from practice in any other court….): R. S.C. of the United States 8(a) ("Whenever a member of the Bar of this Court has been disbarred or suspended from practice in any court of record…the Court will enter an order suspending that member from practice before this Court and affording the member an opportunity to show cause, within 40 days, why a disbarment order should not be entered…."

## De Facto Suspension in Federal Court

Dow has a statutory obligation to represent Robert Pruett at every subsequent stage of judicial proceedings and specifically, returning to this Court for further relief. *See* 18 U.S. CODE §3599(e). Moreover, Pruett has a right to expect nothing short of effective counsel and zealous representation at this last stage of litigation. These rights should not be contingent upon a discretionary act of this Court. This Court's unlawful order has already caused irreparable harm when it triggered a reciprocal suspension for Dow in the Southern District. So long as the order remains in effect, it creates an unnecessary and unjustifiable burden for both lawyer and client. Because this Court's order creates an impediment to Dow's advocacy on Pruett's behalf, temporary relief is appropriate and necessary in this case.

## Conclusion

This Court should stay enforcement of its order of suspension because justice and fairness demand it do so. Dow's suspension, as expressly articulated by this Court, was intended to be a "sanction" not a unilateral suspension from the practice of law. If Dow's suspension is in fact a "sanction" meant only to punish him, and not his clients, and is meant to punish him without interfering with his duties under federal law, then this Court should stay enforcement of this punishment to prevent further unwarranted and unintended harm that has resulted

7

or may result in the federal courts.  Dow respectfully requests this Court grant leave to file this motion and consider the merits thereof as soon as possible.

## PRAYER

WHEREFORE PREMESIS CONSIDERED, Dow prays this Court grant Motion for Leave to File this Emergency Motion to Stay and stay enforcement of the order of suspension as soon as practical to prevent further, irreparable harm to Dow and Pruett. Dow further requests this Court rule on this motion within 24 hours.  Dow requests all further relief to which he may be entitled.

Respectfully submitted,

/s/ Casie L. Gotro

By: _____

Casie L. Gotro
State Bar No: 24048505
440 Louisiana, Suite 800
Houston, Texas 77002
Office: 832-368-9281
Fax: 832-201-8273
Email: Casie.Gotro@gmail.com

AND

Nicole DeBorde
TBN: 00787344
712 Main St., Ste 2400
Houston, Texas 77002
Office: 713-526-6300
Fax: 713-228-0034

Email: Nicole@debordelawfirm.com

Attorneys for David Dow

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Motion for Leave to File this Emergency Motion to Stay was served pursuant to Texas Rule of Appellate Procedure 9.5 on Sian Silhab, General Counsel of the Court of Criminal Appeals via email to Sian.Silhab@txcourts.gov on this the 25th Day of March, 2015.

/s/ Casie L. Gotro

_____

Casie L. Gotro

## VERIFICATION

I certify that I have reviewed this motion pursuant to Texas Rule of Appellate Procedure 10.2 and have concluded that every factual statement is supported by competent evidence included in the appendix or the pleadings filed with this Honorable Court.

/s/ Casie L. Gotro

_____

Casie L. Gotro

## CERTIFICATE OF COMPLIANCE

This motion complies with the requirements of Tex. R. App. 9.4(e).

/s/ Casie L. Gotro

_____

Casie L. Gotro